IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALMIRAH INDUSTRIAL & TRADING CORP., § § § Appellant, § § v. § Civil Action No. **3:13-CV-2058-L** § LONESTAR FOXHALL, LLC, et al., § § § Appellees. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Appellant's Motion to Extend Deadline to File Designation of Items to Be Included in the Record On Appeal and a Statement of the Issues, filed June 6, 2013; and Appellee Foxhall Creditors Trust's Response to Appellant's Motion to Extend the Deadline to File Designation of Items to be Included in the Record on Appeal and a Statement of the Issues ("Motion"), filed, June 12, 2013. Appellee Foxhall Creditors Trust is opposed to the Motion. After careful review of the motion, the response, the record on appeal, and applicable law, the court **grants** the Motion.

In the Motion, Appellant Almirah Industrial & Trading Corporation ("Appellant" or "Almirah") requests an "extension" of the May 30, 2013 deadline to file designation of items to be included in the record and a statement of the issues through and including June 20, 2013 because its current counsel, Howard Marc Spector and the Law Office of Howard Marc Spector (collectively, "Spector"), was only recently substituted as counsel for Appellant. According to Motion, the Notice of Appeal was originally filed by Appellant's counsel, Paul Sartin and the Sartin Law Firm, P.C. (collectively "Sartin"), to protect its right to appeal the bankruptcy court's order. Filed

**Memorandum Opinion and Order - Page 1**

contemporaneously with the Motion were: (1) a Motion to Substitute Counsel for the Appellant, wherein Appellant requested that the court substitute Spector as its counsel of record; and (2) an Emergency Motion to Withdraw as Attorney in Charge, wherein Sartin requested that the court grant the motion to withdraw because, as Mr. Sartin communicated to Almirah on several occasions, he is not an appellate attorney and is not competent to handle this bankruptcy appeal. On June 10, 2013, the court allowed Sartin to withdraw and substituted Spector as counsel for Appellant. On June 20, 2013, Appellant filed its Statement of Issue and Designation of Record on Appeal.

Appellee Foxhall Creditors Trust ("Appellee" or "Creditors Trust") objects to the extension of time requested by Almirah because it contends that no cause can be shown for such an extension. Specifically, Appellee contends that there is no reason why an extension of time is needed to file the required designation of items to be included in the record on appeal because the record merely consists of the objections filed in the bankruptcy court, the response, the actual proof of claims filed and the argument before the bankruptcy court. Moreover, Appellee asserts that Almirah was timely notified on May 9, 2013 by Mr. Sartin that it needed to promptly act and secure services of counsel capable of carrying out the appeal. From May 9, 2013 to May 31, 2013, Appellee argues, there is no indication of any action by Appellant to address this issue. Accordingly, Creditors Trust requests that the court deny the Motion.

Federal Rule of Bankruptcy Procedure 8006 requires appellants to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of issues to be presented" within fourteen days after filing a notice of appeal. Fed. R. Bankr. P. 8006. Rule 8006 further requires appellants to "provide to the clerk a copy of the items designated" and arrange for any transcripts to be delivered to the clerk. *Id.* "An appellant's failure

to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).

      Although Almirah's designation of the record and statement of issues were not filed as required by Rule 8006, it is undisputed that its notice of appeal was timely filed. As the failure to timely file anything other than the notice of appeal does not affect the validity of this appeal, the court finds that Almirah's failure to file its designation of the record and statement of the issues within 14 days of filing its notice of appeal was harmless. As previously noted, the required items have since been filed. Appellee does not argue that it has suffered any prejudice by Almirah's delayed filing of its designation of the record and its statement of the issues or that its ability to respond to the appeal has been impaired in any way by Almirah's failure to strictly adhere to Rule 8006's technical requirements. Although Almirah failed to timely file the required items because it failed to timely retain appellate counsel, there is no evidence that Almirah's failure to timely retain appellate counsel was the result of bad faith or that its failure to do so rises to the level of "obstinately dilatory conduct." *See In re CPDC, Inc.*, 221 F.3d 693, 699-701 (5th Cir. 2000) (quoting *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1304 (5th Cir. 1985) and *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 746 (5th Cir. 1976)). Therefore, despite Appellant's neglect to timely retain appellate counsel, in light of its previous counsel's admission that he was not competent to handle this appeal and the recent substitution of appellate counsel, the court concludes there exists good cause to accept Appellant's late filing the record of designation and its statement of issues. *See* Fed. R. Bankr. P. 9006(b)(1) ("[W]hen an act is required or allowed to be done within a specified period by these rules or by a notice given thereunder or by order of the court, the court

**Memorandum Opinion and Order - Page 3**

for cause shown may at any time in its discretion . . . on motion made after expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."). Accordingly, the court **grants** Appellant's Motion to Extend Deadline to File Designation of Items to Be Included in the Record On Appeal and a Statement of the Issues, and the items are deemed filed as of today's date.

    **It is so ordered** this 15th day of July, 2013.

                                                   Sam A. Lindsay
                                                   United States District Judge